UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

PATRICIA KLOS,

                       Plaintiff,

  -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                       Defendant.
---------------------------------------------------------------- X

09-CV-3039 (ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Plaintiff Patricia Klos moves this court to appoint her counsel. Plaintiff first filed her complaint against the Commissioner of Social Security on July 7, 2009. On July 22, 2009, she was granted leave to proceed in forma pauperis, and was ordered to respond to defendant's motion for judgment on the pleadings by January 7, 2010. In December 2009, plaintiff requested an extension of time and the court extended plaintiff's time to file a response until January 22, 2010. Less than two weeks before her response is due, plaintiff moves the court to appoint her counsel.

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In ruling on a motion for appointment of counsel, the court's first inquiry is whether plaintiff can afford to obtain counsel. See Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994). If the court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and determine whether the indigent's position "seems likely to be of substance." Hodge v. Police Officers, 802

F.2d 58, 61 (2d Cir. 1986). After the two threshold determinations have been made as to indigence and merit, the court has discretion to consider the following factors: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues involved; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. Id. at 61-62. The record before the court does not warrant appointment of counsel because it is unclear whether plaintiff's claims have merit. The court grants plaintiff an extension of time until February 15, 2010 to respond to defendant's motion. After the court reviews plaintiff's response to defendant's motion, the court will decide whether plaintiff has made an adequate showing that appointment of counsel is warranted in this matter. Plaintiff is directed to serve her response papers upon the defendant by February 15, 2010, and defendant shall thereafter file the entire set of motion papers and the administrative record with the court.

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: January 19, 2010
Brooklyn, New York

SERVICE LIST:

<pre>
Pro Se Plaintiff
Patricia Klos
60-03 138th Street
Flushing, NY 11355

Social Security Administration
Scott R. Landau. Esq.
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY  11201
</pre>